# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SELLAS LIFE SCIENCES GROUP, INC., and, DR. ANGELOS M. STERGIOU, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-cv-06014 <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SELLAS LIFE SCIENCES GROUP, INC. AND DR. ANGELOS M. STERGIOU'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEFAMATION

Plaintiffs Sellas Life Sciences Group, Inc. ("Plaintiff Sellas" or "Sellas") and Dr. Angelos M. Stergiou ("Plaintiff Stergiou" or "Stergiou") (collectively, "Plaintiffs") bring this Complaint for copyright infringement and defamation ("Complaint") for jury trial against Defendant John Doe ("John Doe" or "Defendant"). Plaintiffs, by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

1.    This case involves impersonation of the Chief Executive Officer ("CEO") of a publicly traded company on third party Oath Inc. dba Yahoo! Finance ("Yahoo! Finance") website's message board, the continuous and unrelenting malicious dissemination of materially false, misleading, and defamatory statements about such public company and its CEO, in an attempt to mislead employees, shareholders, and the investing public, to fraudulently manipulate the market, injure the CEO's and public company's business reputation and stock price, and allow Defendant impersonator to reap profits from the resulting price decline and public perception.

Moreover, in an attempt to further deceive and mislead, Defendant impersonator willfully infringed the public company's valid and enforceable copyright by knowingly and willfully reproducing, displaying, and preparing unauthorized derivative works of the Plaintiff CEO's photograph.

2. Specifically, this action seeks injunctive relief and damages on behalf of Plaintiff Sellas against Defendant John Doe for (i) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq.*; (ii) defamation in violation of New York common law of Plaintiff Sellas and (iii) defamation in violation of New York common law of Plaintiff Stergiou.

## THE PARTIES

3. Plaintiff Sellas Life Sciences Group, Inc. ("Plaintiff Sellas" or "Sellas") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 7 Times Square, Suite 2503, New York, New York, 10036.

4. Plaintiff Dr. Angelos M. Stergiou ("Plaintiff Stergiou" or "Stergiou") is a Greek national and permanent lawful resident of the United States, residing at 641 Fifth Avenue, Apt. 31H, New York, New York 10022.

5. Plaintiff Sellas is the owner by assignment of U.S. Copyright Registration No. VA0002257040, titled "Photograph of Angelos M. Stergiou," which has a registration date of June 30, 2021 (the "Copyright"). A true and accurate copy of the Certificate of Registration is attached hereto as Exhibit A. Exhibit B depicts the protected image captured in U.S. Copyright Registration No. VA0002257040.

6. Defendant John Doe is an individual whose name and address is unknown to Plaintiffs at this time. Defendant is only known to Plaintiffs by Defendant's impersonated account and/or alias on Sellas Life Sciences Group, Inc.'s Yahoo! Finance company page and message board on which Defendant copies, reproduces, displays, and prepares the Copyright and

unauthorized derivative works of the Copyright.  Defendant's impersonated account and/or alias bears the same screen name as that of Plaintiff Stergiou: "Angelos M Stergiou."  Discovery is required to identify Defendant's name and address and permit Plaintiffs to amend this Complaint to allege the same and serve Defendant with process.  Plaintiffs will amend this Complaint to name Defendant John Doe once his identity is learned.

7.    On information and belief, Defendant John Doe is a persistent and repeat online infringer of Plaintiff Sellas' Copyright on the SLS Yahoo! Finance company page and message board.

8.    On information and belief, only Yahoo! Finance can identify the Defendant John Doe directly, or furnish John Doe's IP address to enable John Doe to be identified.

**JURISDICTION AND VENUE**

9.    This is an action for copyright infringement arising under the United States Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., and for defamation under New York common law.  Accordingly, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over Plaintiff Sellas' copyright infringement claim.  This Court has supplemental jurisdiction over both defamation state law claims pursuant to 28 U.S.C § 1367(a) because those claims are substantially related to Plaintiff Sellas' federal claim.

10.    This Court has personal jurisdiction over Defendant because Defendant intentionally directed his unlawful activities to this District.

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.  In addition, venue is proper under 28 U.S.C. § 1400 for copyright infringement.  Defendant's copyright infringement and defamatory statements occurred on the Yahoo! Finance company page dedicated to Plaintiff Sellas.  On information and belief, the company page dedicated to Plaintiff

3

Sellas is available for the public to access, view, and post through a digital platform provided by Yahoo! Finance.  On information and belief, Yahoo! Finance is a Delaware corporation with a principal place of business in this District.

12.    On information and belief, Yahoo! Finance is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 770 Broadway, FL 4, New York, New York, 10003-9558.  On information and belief, Yahoo! Finance conducts business in this District and maintains a regular and established places of business within this District.

13.    On information and belief, Defendant reasonably should expect that his unlawful activities will have consequences in New York and this District.

## FACTUAL BACKGROUND

### I. Plaintiffs Stergiou and Sellas

14.    Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

15.    Plaintiff Angelos Stergiou is the founder, President and CEO of Plaintiff Sellas.

16.    Plaintiff Stergiou founded Plaintiff Sellas in 2012.  Sellas is "a late-stage clinical biopharmaceutical company focused on the development of novel cancer immunotherapies for a broad range of cancer indications."  *See* https://www.sellaslifesciences.com/about-sellas/default.aspx.  Sellas is widely recognized as a leader in the novel cancer immunotherapies world.  Sellas' lead product is "galinpepimut-S (GPS), [] a cancer immunotherapeutic agent licensed from Memorial Sloan Kettering Cancer Center that targets a broad spectrum of hematologic cancers and solid tumor indications."  *See* https://www.sellaslifesciences.com/investors/overview/default.aspx.  This groundbreaking asset is the first of its kind.  In fact, Plaintiff Sellas' critical work is saving lives, by prolonging overall

survival for cancer patients who are in remission as a monotherapy. *See SELLAS Life Sciences Group – Licensed Asset Aims To Prolong Survival in Cancer Patients*, HEALTH PROFESSIONALS RADIO, Apr. 13, 2021 (available at https://healthprofessionalradio.com.au/sellas-life-sciences-group-licensed-asset-aims-to-prolong-survival-in-cancer-patients/).

17.    Due to its well-regarded reputation and innovative research, Plaintiff Sellas is party to numerous strategic collaborations and/or agreements, including with Merck & Co., Inc., in the late-stage biopharmaceutical space.  Together, Sellas and its partners are investing vast resources, including time, effort, talent, creativity, and money, to further novel cancer immunotherapies.

18.    In addition to Plaintiff Sellas' scientific achievements, Sellas has flourished financially.

19.    Plaintiff Sellas' predecessor, Galena Biopharma, began trading publicly and was listed on the NASDAQ exchange on March 12, 2008, under the ticker symbol of RXII.  On December 29, 2017, Galena Biopharma was acquired by Plaintiff Sellas through a reverse merger transaction.  After the acquisition, the NASDAQ ticker symbol was renamed SLS.  Since its founding and acquisition, Plaintiff Sellas has been a publicly traded company.

20.    Plaintiff Sellas has consistently been recognized and ranked by *InvestorsObserver* as among the top public companies in the biotechnology industry.

21.    In addition to keeping its investors happy, Plaintiff Sellas also invests significant resources in its employees.  This includes, among other things, hiring a professional photographer for employee headshots.  Plaintiff Sellas hired a professional photographer to take employee headshots in early February 2020.  These headshots were for both Plaintiff Sellas' website, as well as employee professional networking websites, like LinkedIn.

22.     Plaintiff Stergiou's headshot was taken and published on February 13, 2020.  The headshot was and is published on Plaintiff Sellas' website and Plaintiff Stergiou's LinkedIn profile.

23.     The headshot photograph of Plaintiff Stergiou is an original work of authorship and copyrightable subject matter.

24.     Plaintiff Sellas owns by written assignment all right, title, and interest in the copyright for the photograph of Angelos M. Stergiou, registered on June 30, 2021 and given U.S. Copyright Registration No. VA0002257040 (the "Copyright").

25.     Attached hereto as Exhibit A and incorporated herein by reference, is a true and correct copy of the Certificate of Registration issued by the Copyright Office for the photograph of Angelos M. Stergiou.  Exhibit B depicts the protected image captured in U.S. Copyright Registration No. VA0002257040.

26.     The Copyright is presently valid and subsisting and was valid and subsisting at all times affecting the matters complained of herein.

**II. Yahoo! Finance, the SLS Yahoo! Finance Company Page, and the SLS Message Board**

27.     Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

28.     On information and belief, third party Yahoo! Finance owns, operates, and maintains a financial news and reporting website.

29.     On information and belief, Yahoo! Finance's website features dedicated pages for publicly traded companies, such as Plaintiff Sellas ("Company Page").

30.     On information and belief, Company Pages contain specific message boards, where anyone with internet access can view comments and information about the corresponding publicly traded company ("Message Board").

6

31.     On information and belief, Yahoo! Finance sponsors a Company Page and corresponding message board for Plaintiff Sellas (the "SLS Message Board").

32.     On information and belief, a Yahoo! account and/or alias is needed to post (and reply to earlier posts) on the SLS Message Board.  On information and belief, when posting a message, the poster is identified only by his chosen screen name and profile picture.

33.     On information and belief, Yahoo! Finance is the sole owner and proprietor for each Company Page and corresponding Message Board, including the SLS Message Board.  On information and belief, third parties, including the companies that are subject to specific Company Pages, cannot access, control, monitor, remove, or delete any aspect of such Company Pages and corresponding Message Boards.

### III. Defendant's Unlawful, Defamatory, and Infringing Acts From June 8, 2021 Through June 15, 2021

34.     Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

35.     Upon information and belief, Defendant John Doe created a Yahoo! account and/or alias at some point prior to June 8, 2021.

36.     Upon information and belief, Defendant John Doe's Yahoo! account and/or alias bears the same screen name as that of Plaintiff Stergiou: "Angelos M Stergiou" and/or "Angelos M. Stergiou" (hereinafter, "Angelos M Stergiou").  Upon information and belief, Defendant John Doe is not named "Angelos M Stergiou" and created this particular screen name to impersonate Plaintiff Stergiou ("Impersonator Account" or "Impersonator Posts" or "Posts").

37.     Upon information and belief, Defendant John Doe unlawfully copied the Copyright (either on Plaintiff Stergiou's LinkedIn page or Plaintiff Sellas' website) without authorization and unlawfully utilized the copied Copyright for the Impersonator Account's profile picture.  As set

forth earlier, when posting a message, the poster is identified only by his chosen screen name and profile picture.

38. Upon information and belief, Defendant knowingly impersonated Plaintiff Stergiou by creating a Yahoo! Finance screen name in Stergiou's name. Upon information and belief, Defendant utilized the Copyright without authorization, as his impersonated profile picture, to further misrepresent to the public that he was and is Plaintiff Stergiou.

39. Upon information and belief, Defendant knowingly impersonated Plaintiff Stergiou with the intent to harm Plaintiffs Sellas and Stergiou's good names, characters, and reputations, both personally and professionally.

40. Upon information and belief, at least as of June 8, 2021, Defendant, using the Impersonator Account, began posting on the SLS Message Board.

41. At various times from June 8, 2021 through June 15, 2021, Defendant posted on the SLS Message Board impersonating Plaintiff Stergiou. Defendant's Impersonator Posts were false, misleading, defamatory, and/or threatening to Plaintiffs Stergiou and Sellas. Moreover, many of these Posts involve illegal, unsavory, or unacceptable subject matter, such that the Posts hold Plaintiffs up to scorn, hatred, ridicule, or contempt in the minds of a considerable and respectable segment of the community. As a result, Plaintiffs' reputations in the eyes of the public suffered, such that third persons are and were deterred from associating or dealing with Plaintiffs.

42. For example, on June 10, 2021, Defendant posted: "Sellas does not hire women or minorities. We can't lose!" This Post, reproduced below, encourages, promotes, and impugns illegal, unsavory, and unacceptable subject matter onto Plaintiffs Sellas and Stergiou. Plaintiffs are and will continue to be harmed, personally and professionally, both now and in the future, from this Post:

8



43.     On information and belief, many of Defendant's Impersonator Posts appear factual on their face, like that discussed immediately above.

44.     In addition to the above, certain Impersonator Posts suggest, advertise and encourage market manipulation, through pumping and dumping, short selling, or otherwise distorting Plaintiff Sellas' stock price.   For instance, on June 10, 2021, Defendant posted: "gentlemen, let's put the Sell in Sellas . . . ."  In another post, on June 13th, Defendant referenced "scamming investors" and "pumping" the stock.

45.     On information and belief, Defendant misappropriated Plaintiff Stergiou's name and appearance to mislead the public and create a false impression, as to both Plaintiffs, in a blatant attempt to denigrate the business character and methods of Plaintiff Sellas and Stergiou.

46.     On information and belief, Defendant's Impersonator Posts did confuse and mislead the public.   For example, on June 13th, an individual, with the screen name "Real Immunotrader 10" replied to one of Defendant's Posts and asked "do you have any facts to refute."

In response, Defendant caused further harm by merely replying "pump pump pump!"  On information and belief, "pump" refers and relates to pumping and/or manipulating stock prices.



47.     This suggests at least one member of the public was misled by Defendant's Impersonator Account and Posts.  Not only that, but Plaintiffs investors noticed the Posts.  At least one investor notified Plaintiff Sellas as to Defendant's Impersonator Account and Posts.  These examples illustrate Defendant's harm and Plaintiffs' injuries: the public are being deliberately misled by the Impersonator Account and Posts, and the Posts are severely damaging Plaintiffs business and personal reputations.

48.     As set forth above, Defendant's Impersonator Account's profile picture was an unlawful and unauthorized copy of the Copyright.

49.     The above Posts are just a few examples of Defendant's fraudulent, misleading, and malicious statements involving illegal and unsavory subject matter such that they harm

Plaintiffs Sellas and Stergiou personally and professionally, both now and in the future. Defendant's Impersonator Posts are all set forth in chronological order by Postdate in Exhibit E.

**IV. Plaintiffs Efforts to Report the Abuse, Disable the Impersonator Account, and Identify Defendant**

50.    Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

51.    As set forth above, Plaintiff Sellas discovered Defendant's Impersonator Account and Posts around June 8, 2021.

52.    On information and belief, Yahoo! Customer Care handles claims for abuse and fraud on Yahoo! Finance Company Pages and Message Boards.  On information and belief, reports of abuse, fraud, and impersonation can be in several ways, including (i) reporting individual posts for abuse or (ii) emailing Yahoo! Customer Care at customercare@cc.yahoo.com.

53.    Upon notice of Defendant's Impersonator Posts, on June 8th, Plaintiff Sellas immediately reported each individual Impersonator Post.  Shortly thereafter, due to the volume and defamatory nature of Defendant's Posts, Plaintiff Sellas emailed Yahoo! Customer Care to report Defendant's Impersonator Account and Posts and request that Yahoo! disable the fraudulent account.

54.    Thereafter, Yahoo! Customer Care opened an impersonation investigation.  *See* Ex. C (June 10th email from Yahoo! Customer Care ([customercare@cc.yahoo.com](mailto:customercare@cc.yahoo.com)) to Michael Graif (mrgraif@mintz.com) at 3:22 AM regarding "Yahoo Account - Request for Support") (indicating an investigation was opened).

55.    Plaintiff Sellas, through its undersigned counsel, cooperated with every aspect of Yahoo!'s investigation.  *See* Ex. D at 7 (June 10th email from Michael Graif (mrgraif@mintz.com) to Yahoo! Customer Care (customercare@cc.yahoo.com) at 8:10 PM regarding "[E] RE: Yahoo

11

Account - Request for Support- - URGENT") (circulating Plaintiff Stergiou's declaration concerning the impersonation and requesting that Yahoo! reveal Defendant's identity).  In fact, to ease Yahoo!'s burden, Plaintiff Sellas even identified and reproduced Defendant's Posts, in its correspondence with Yahoo! Customer Care.  *See* Ex. D at 5-6  (June 11[th] email from Michael Graif (mrgraif@mintz.com) to Yahoo! Customer Care (customercare@cc.yahoo.com) at 12:03 PM regarding "RE: Yahoo Account - Request for Support") (requesting "urgently that Yahoo disable the imposter account for impersonation and for copyright infringement, both of which are violations of Yahoo's Terms of Service").

56.     Plaintiff Sellas continued to report individual Posts for abuse as well as contact Yahoo! Customer Care.   *See*  Ex.  D  at  3-4  (June  13th  email  from  Michael  Graif (mrgraif@mintz.com) to Yahoo! Customer Care (customercare@cc.yahoo.com) at 7:24 PM regarding "[E] URGENT REQUEST TO ESCALATE TO LEGAL -- Yahoo Account - Request for Support") (requesting that Yahoo! disable Defendant's Impersonator Account due to the material harm caused).

57.     On June 15th, Yahoo! refused to reveal Defendant's identity, pursuant to Yahoo's Privacy  Policy.   *See*  Ex.  D  at  3  (June  15th  email  from  Yahoo!  Customer  Care (customercare@cc.yahoo.com) to Michael Graif (mrgraif@mintz.com) at 8:37 AM regarding "Yahoo Customer Care").

### V. Defendant's Copyright Infringement of Plaintiff Sellas' Copyright and Derivative Work

58.     Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

59.     As set forth above, Plaintiff Sellas reported Defendant's copyright infringement in its correspondence with Yahoo! Customer Care.  *See* Ex. D at 5-6 (June 11th email from Michael Graif (mrgraif@mintz.com) to Yahoo! Customer Care (customercare@cc.yahoo.com) at 12:03

PM regarding "RE: Yahoo Account - Request for Support") (requesting "urgently that Yahoo disable the imposter account for impersonation and for copyright infringement, both of which are violations of Yahoo's Terms of Service").

60.    On information and belief, between June 11th and 15th, Yahoo! Customer Care alerted Defendant to Plaintiff Sellas' allegations, at least as to the allegations of copyright infringement.

61.    At or around June 16th, Defendant updated the profile picture to his Impersonator Account.  On information and belief, the Defendant knowingly attempted to evade infringement by altering the Copyright.  On information and belief, Defendant altered the Copyright to add: (1) a hat; (2) sunglasses; and (3) money around Plaintiff Stergiou's neck.  Defendant's June 16th post at or around 3:16 PM is Defendant's first Post with the modified profile picture:



62.    Attached hereto as Exhibit E and incorporated herein by reference, is an enlarged image of Defendant's alterations to the Copyright ("Derivative Work").  Defendant's alterations

constitute material modifications to Plaintiff's Copyright, thereby creating an unauthorized derivative work.

63. Plaintiffs immediately reported this alteration to Yahoo! Customer Care and again, requested the Impersonator Account disabled. *See* Ex. D at 1-2 (June 17th email from Michael Graif (mrgraif@mintz.com) to Yahoo! Customer Care (customercare@cc.yahoo.com) at 12:33 AM regarding "[E] RE: Yahoo Customer Care") (reporting Defendant's altered profile picture and requesting that the Impersonator Account is disabled).

64. On June 17th, Yahoo! Customer Care yet again denied Plaintiffs request and refused to take action as a result of their privacy policy. *See* Ex. D at 1 (June 17th email from Yahoo! Customer Care (customercare@cc.yahoo.com) to Michael Graif (mrgraif@mintz.com) at 8:55 AM regarding "Yahoo Customer Care") (refusing to take action due to Yahoo's privacy policy).

65. As of June 16th, each Impersonator Post displays the Derivative Work.

## VI. Defendant's Unlawful, Defamatory, and Infringing Acts From June 16, 2021 Through Present

66. Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

67. As set forth above, starting on June 16th, all of Defendant's Impersonator Posts display the Derivative Work.

68. From June 16th through present, Defendant's Posts continue to impersonate Plaintiff Stergiou. Defendant's Posts continue to assert false, misleading, and defamatory comments of and/or concerning Plaintiffs Stergiou and Sellas. In fact, from June 16th through the present, Defendant's Posts are even more egregious. These Posts are arguably more malicious and defamatory, for the subject matter of these statements on a near daily basis involve illegal activity. For instance, the below Post from June 17th alleges that the Impersonator "love[s] drunk driving"

14

and "pumping scam stocks."  This Post holds Plaintiffs up to scorn, hatred, ridicule, or contempt

in the minds of a considerable and respectable segment of the community.  As a result, Plaintiffs'

reputations in the eyes of the community are likely lowered such that third persons are, were, or

may be deterred from associating or dealing with Plaintiffs.



69.      As set forth above, Defendant's willful impersonation of Plaintiff Stergiou through

the Impersonator Account and Posts are and were in a deliberate attempt to mislead the public.

For example, on June 28th at 2:35 PM, Defendant Posted that he was "the CEO" and "the real

CEO."  Further, this Post (reproduced below) references the "slander and harmful allegations

brought                          against                          this                          company":



70.    This Post is attempting to mislead the public by reinforcing that the Impersonator

is the "CEO" —"Yes, the real CEO" of Sellas.  Not only that, but the Post also references legal

actions or claims against Sellas, such as slander.  And, the Impersonator Post is attempting to "set

the record straight."   On information and belief, this level of detail as to unpublished legal

allegations is not readily available to the Public, or even Plaintiff Sellas' shareholders.   On

information and belief, this Post was a malicious, willful, and calculated attempt to mislead the

public, create a false impression as to both Plaintiffs, and misappropriate Plaintiff Stergiou's name,

appearance, and "insider" information.  Defendant's Post is in a blatant attempt to denigrate the

business character and methods of both Plaintiff Sellas and Stergiou.  *See also* Post from July 1,

2021 at 10:43 AM, where the Impersonator similarly claims that he, as the "real CEO of Sellas,

tried my best to warn you all":



71.     In separate Post from June 28th at 2:36 PM, the Impersonator thanked "pumpers for funding my cocaine and rare white tiger addiction":



72.    Defendant's Posts falsely alleging Plaintiff Stergiou engages in drug use, or has an addiction to "rare white tigers" subjects both Plaintiffs to hatred, shame, ridicule, aversion, disgrace, and degradation in the eyes of the public.  Malicious claims alleging illegal drug use, addictions, and/or unsavory behavior injures Plaintiff's personal and professional reputation and future business opportunities.  Moreover, claims that a publicly traded company's CEO engages in such illegal behavior harms Plaintiff Sellas' business judgment, such that the company is at risk from derivative suits from its shareholders.

73.    That same day, only seconds later, the Impersonator Posted about his misappropriation of corporate funds for personal gain:



**Angelos M Stergiou**  2 hours ago
alright sellas fellas, relax. that 30 cents per share went right into my offshore bank account.
Reply        1

74.    Shortly thereafter, Defendant Posted a hyperlink concerning GameStop and its shares:



75.    On information and belief, Defendant intentionally altered the hyperlink address in the above Post.  The Post's hyperlink appears to link an article about the DOJ and Sellas (https://seekingalpha.com/article/4427035-sellas-raided-by-doj-sec-over-massive-fraud)  but  in fact, the  actual address is to the article described above (https://seekingalpha.com/article/4427035-gamestop-a-good-day-to-short).

76.    Defendant's Impersonator Posts are all set forth in chronological order by Postdate in Exhibit F.

77.    As a result of Defendant's wrongful actions, Plaintiffs' business (as to both Plaintiff Sellas and Stergiou) has suffered economical and reputational injury.

78.    Defendant's wrongful actions have forced Plaintiffs to expend substantial amounts of money and time to identify, locate, and attempt to remove the defamatory statements posted on the SLS Message Board.

79.    As a result of Defendant's copyright infringement and defamatory statements, Plaintiffs have or are likely to lose potential client and business opportunities, in an amount to be determined by a jury at trial.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106 and 501, *et seq.*)**

80.    Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

81.    Plaintiff Sellas owns or has exclusive rights to all right, title, and interest in the Copyright, registration certificate attached as Exhibit A (the photograph of Angelos M. Stergiou, U.S. Copyright Registration No. VA000225704, which has a registration date of June 30, 2021); Exhibit B (U.S. Copyright Registration No. VA0002257040 – Image).

82.    As the owner of a valid and enforceable copyright, Plaintiff Sellas has the exclusive right to reproduce, prepare derivative works, and display the Copyright.

83.    Defendant has had and continues to have access to the Copyright.

84.    Defendant copied and displayed the constituent elements of the original works covered by the Copyright on the SLS Message Board, as set forth above.

85.    Plaintiff Sellas did not authorize, permit, or consent to Defendant's copy, use, display, and/or distribution of the Copyright.

86.    Defendant's unauthorized use of the Copyright infringes Plaintiff Sellas' Copyright by copying, reproducing, preparing derivative works from, and/or displaying the Copyright publicly and without Plaintiff Sellas' permission.

87. Exhibit E is an enlarged image of the unauthorized Derivative Work.

20

88.   Defendant's copies, reproductions, derivative works, and displays are identical and/or substantially similar to Plaintiff Sellas' Copyright.

89.   Each and every Impersonator Post constitutes a separate actionable claim for copyright infringement, totaling at least 41 separate instances of copyright infringement. Defendant's Impersonator Posts are all reproduced in chronological order by Postdate in Exhibit F.

90.   As a result of the foregoing, Defendant violated Plaintiff Sellas' exclusive rights to:

a.   Reproduce in copies the copyrighted works, in violation of 17 U.S.C. §§ 106(1) and 501;

b.   Prepare derivative works based on the copyrighted works, in violation of 17 U.S.C. §§ 106(2) and 501; and

c.   Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing the image of the work and transmitting said display of the work by means of a device or process to members of the public capable of receiving the display (as set for in 17 U.S.C. § 101's definition of "publically" display).

91.   Defendant's actions are and were willful within the meaning of 17 U.S.C. § 504(c)(2).

92.   Plaintiff Sellas has been and will continue to be damaged by Defendant's unlawful infringement of the Copyright, in an amount to be proven at trial.

93.   Defendant's conduct has caused irreparable harm to Plaintiffs, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff Sellas great and irreparable injury that

cannot be fully compensated or measured in money.  Plaintiff Sellas has no adequate remedy at law for Defendant's wrongful conduct

94.    Plaintiff Sellas is entitled to relief pursuant to 17 U.S.C. §§ 502-05, including but not limited to injunctive relief, an order for the impounding or destruction of Defendant's infringing copies and/or derivative works, actual damages, punitive damages, and Plaintiff's costs and attorneys' fees in amounts to be determined by a jury at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**DEFAMATION OF PLAINTIFF SELLAS**
**(Common Law)**

95.    Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

96.    Defendant published on the internet to third parties at least the false statements of and/or concerning Plaintiff Sellas referenced above ("Defamatory Statements").

97.    Defendant's publication is not privileged and/or was done with malice.

98.    Defendant's Defamatory Statements are such that anyone would understand them to impugn Plaintiff Sellas' reliability, ethics, professionalism, character, and business judgment.

99.    Defendant acted with actual malice in that Defendant made the Defamatory Statements with knowledge that they were untrue, or with reckless disregard as to their truth.

100.    Defendant's Defamatory Statements were made with the intent to harm Plaintiff Sellas' good name and reputation by, among other things, falsely stating that Plaintiff Sellas does not hire women or minorities, and as otherwise specifically described in the proceeding paragraphs of this Complaint and depicted in Exhibit F to this Complaint (Defendant's Impersonator Posts by Postdate).

101.    Plaintiff Sellas' business, reputation, and goodwill have been and continue to be harmed by Defendant's Defamatory Statements.

102.    As a result of Defendant's Defamatory Statements, Plaintiff Sellas has or is likely to lose potential client and business opportunities, in an amount to be determined by a jury at trial.

103.    As a result of Defendant's Defamatory Statements, Plaintiff has incurred expenses to try and remove Defendant's Posts.

104.    Plaintiff has been damaged by Defendant's Defamatory Statements in an amount to be determined by a jury at trial.

105.    As a result of Defendant's Defamatory Statements, Plaintiff is also entitled to punitive damages in an amount to be determined by a jury at trial.

106.    Defendant's Defamatory Statements referred to above are defamatory *per se* in that they injure Plaintiff in its trade, business, and profession.

107.    As a direct and proximate result of Defendant's intentional and malicious publication of the false Defamatory Statements, Plaintiff Sellas has been and will continue to be damaged and injured in its character and reputation.

108.    By reason thereof, Plaintiff Sellas has been harmed and is entitled to compensatory damages, in an amount to be determined by a jury at trial, actual costs for expenses incurred while trying to remove Defendant's Posts, and punitive damages, together with an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### DEFAMATION OF PLAINTIFF STERGIOU
### (Common Law)

109.    Plaintiffs restate and incorporate by reference all of the allegations made in the preceding paragraphs as though fully set forth herein.

110.    Defendant published on the internet to third parties at least the false statements of and/or concerning Plaintiff Stergiou referenced above ("Defamatory Statements Concerning Stergiou").

111.    Defendant's publication is not privileged and/or was done with malice.

112.    Defendant's Defamatory Statements Concerning Stergiou are such that anyone would understand them to impugn Plaintiff Stergiou's reliability, ethics, professionalism, character, and business judgment.

113.    Defendant acted with actual malice in that Defendant made the Defamatory Statements Concerning Stergiou with knowledge that they were untrue, or with reckless disregard as to their truth.

114.    Defendant's Defamatory Statements Concerning Stergiou were made with the intent to harm Plaintiff Stergiou's good name and reputation and as described in the proceeding paragraphs of this Complaint and depicted in Exhibit F to this Complaint (Defendant's Impersonator Posts by Postdate)..

115.    Plaintiff Stergiou's business savvy, reputation, and goodwill have been and continue to be harmed by Defendant's Defamatory Statements Concerning Stergiou.

116.    As a result of Defendant's Defamatory Statements Concerning Stergiou, Plaintiff Stergiou has or is likely to lose potential business opportunities, in an amount to be determined by a jury at trial.

117.    As a result of Defendant's Defamatory Statements Concerning Stergiou, Plaintiff has incurred expenses to try and remove Defendant's Posts.

118.    Plaintiff has been damaged by Defendant's Defamatory Statements Concerning Stergiou in an amount to be determined by a jury at trial.

24

119.    As a result of Defendant's Defamatory Statements Concerning Stergiou, Plaintiff is also entitled to punitive damages in an amount to be determined by a jury at trial.

120.    Defendant's Defamatory Statements Concerning Stergiou referred to above are defamatory *per se* in that they injure Plaintiff in his trade, business, and profession by, among other things, allegations of drug use and misappropriation of company funds for personal use.

121.    Defendant's statements concerning Plaintiff Stergiou as set forth above are false and malicious, defamatory of or concerning Plaintiff, were written and published on the internet.

122.    As a direct and proximate result of Defendant's intentional and malicious publication of the false Defamatory Statements Concerning Stergiou, Plaintiff has been and will continue to be damaged and injured in his character and reputation.

123.    By reason thereof, Plaintiff Stergiou has been harmed and is entitled to compensatory damages, in an amount to be determined by a jury at trial, actual costs for expenses incurred while trying to remove Defendant's Posts, and punitive damages, together with an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    Enter judgment in favor of Plaintiffs against Defendant on all claims;

B.    Declare that Defendant's infringement and other wrongdoings were willful in nature;

C.    Enter an order pursuant to 17 U.S.C. § 502 temporarily and permanently enjoining Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff Sellas' copyrighted work as set forth in this Complaint;

D.    Enter an order pursuant to 17 U.S.C. § 503 requiring Defendant delete and permanently remove the digital media files relating to Plaintiff Sellas' Copyright from each and

every computer, mobile phone, and any other electronic medium under Defendant's possession, custody, or control;

E.      Enter an order pursuant to 17 U.S.C. § 503 requiring Defendant delete and permanently remove the infringing copies of the Copyright, including derivative works, from each and every computer, mobile phone, and any other electronic medium under Defendant's possession, custody, or control;

F.      Enter an order that Defendant's Impersonated Account and/or alias, which bears the screen name of "Angelos M Stergiou" be disabled, and that Defendant cease any and all impersonation of Plaintiff Stergiou;

G.      Enter an order that Defendant cease all Defamatory Statements related to Plaintiff Sellas;

H.      Enter an order that Defendant cease all Defamatory Statements related to Plaintiff Stergiou;

I.      Award Plaintiff Sellas damages for defamation, including but not limited to compensatory and punitive damages, in amounts to be determined by a jury at trial;

J.      Award Plaintiff Stergiou damages for defamation, including but not limited to compensatory and punitive damages, in amounts to be determined by a jury at trial;

K.      Award damages pursuant to 17 U.S.C. § 504 in an amount to be determined by a jury at trial;

L.      Award all costs and attorneys' fees incurred in the prosecution of this Action;

M.      Award Plaintiffs pre-judgment and post-judgment interest on all damages awarded; and

N.      Award such other and further relief as this Court deems just and proper.

26

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues deemed to be triable by a jury.


Dated:  July 13, 2021

Michael R. Graif

   (Admitted to practice in S.D.N.Y.)
   New York BBO No. 2499929
   E-mail: MRGraif@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO P.C.
666 Third Avenue
New York, NY 10017
Tel: 212-692-6287
Fax: 212-983-3115

Kara E. Grogan
   (*pro hac vice* forthcoming)
   Massachusetts Bar No. 704449
   E-mail: KEGrogan@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND
   POPEO P.C.
One Financial Center
Boston, MA 02111
Tel: 617-348-3015
Fax: 617-542-2241

*Counsel for Plaintiffs Sellas Life Sciences
Group, Inc. and Dr. Angelos M. Stergiou*