**Michael R. Graif**
212 692 6287
mrgraif@mintz.com





USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/21

r Center
Avenue
Y 10017
35 3000
intz.com

October 6, 2021
Via ECF

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: *Sellas Life Sciences Group, Inc. et al. v. John Doe*, No. 1:21-cv-06014-AJN

Dear Judge Nathan:

Pursuant to the Court's Notice of Initial Pretrial Conference (Dkt. No. 8), Plaintiffs Sellas Life Sciences Group, Inc. ("Plaintiff Sellas" or "Sellas") and Dr. Angelos M. Stergiou ("Plaintiff Stergiou" or "Stergiou") (collectively, "Plaintiffs") submit this Joint Letter and Proposed Civil Case Management Plan.

**I.      Nature of the Case and Procedural History**

This case involves Defendant John Doe's willful infringement of a copyrighted professional headshot of Plaintiff Stergiou and Doe's corresponding defamatory statements of both Plaintiffs Stergiou and Sellas. Plaintiff Stergiou is the CEO, founder, and President of Sellas, a successful, publicly traded late-stage clinical biopharmaceutical company. Plaintiff Sellas owns all right, title, and interest in the copyrighted image of Stergiou (the "Copyright"). Defendant Doe is an anonymous user on third-party Yahoo! Finance's online forum dedicated to Plaintiff Sellas ("SLS Message Board"). Doe created a Yahoo! account and/or alias in Plaintiff Stergiou's name to impersonate Plaintiff Stergiou in his posts and interactions on the SLS Message Board ("Impersonator Account" or "Impersonator Posts"). Doe unlawfully copied the Copyright for the Impersonator

**MINTZ**

October 6, 2021
Page 2



Account's "profile picture." Defendant utilized the Impersonator Account to post false, misleading, and/or threatening statements of and concerning Plaintiffs.

Plaintiffs attempted to resolve this matter privately by reporting the Impersonator Account and Posts to Yahoo!  It appears Yahoo! then notified Defendant Doe as to his infringement.  Doe then knowingly made material modifications to the Copyright, likely in an attempt to evade infringement.  Yet, Doe's modifications created an unauthorized derivative work.  Each and every Impersonator Post—both with the Copyright and the derivative work—constitute separate acts of copyright infringement for which Plaintiffs are entitled to relief.

Plaintiffs were unable to ascertain Doe's identity before filing suit.  As a result, Plaintiffs moved for leave to serve expedited discovery to determine Defendant's name and address from Yahoo! Finance through a lawful subpoena ("Letter Motion").  *See, e.g.*, Dkt. No. 4.

On July 21, 2021, this Court denied without prejudice the Letter Motion and ordered Plaintiffs to show cause "why their claims for copyright infringement should not be dismissed because the allegedly infringing conduct is fair use as a matter of law." Dkt. No. 5 at 2 (citations omitted).  Plaintiffs responded to the Court's show cause order and detailed how Doe's conduct cannot be fair use, mainly: (1) Doe's secondary works were not transformative, for they served the same identification purposes as the Copyright and (2) to the extent Doe had a critical or parody purpose, it was of Plaintiffs, and not the Copyright.  *See* Dkt. No. 7.

**MINTZ**

October 6, 2021
Page 3



### i. Plaintiffs Renew Their Letter Motion to Serve Expedited Discovery and Request Adjournment of the Initial Pretrial Conference Until After Defendant Doe is Identified and Served

Plaintiffs respectfully renew their Letter Motion to serve expedited discovery to identify and serve Defendant John Doe. Plaintiffs also request the adjournment of the Initial Pretrial Conference until after Doe is identified and lawfully served. This will ensure Defendant Doe participates in crafting the Proposed Civil Case Management Plan, and will enable the parties to meaningfully engage in settlement discussions before involving the Court. Put another way, an adjourned Initial Pretrial Conference will proceed more effectively and expeditiously in front of the Court and enable participation from both sides.

With this in mind, Plaintiffs acknowledge that their Proposed Civil Case Management Plan and Joint Letter—as requested and required under Rule 2(B) of the Court's Individual Rules of Practice—likely will differ once Defendant Doe is involved.

### II. Jurisdiction and Venue

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over Plaintiff Sellas' copyright infringement claim. This Court has supplemental jurisdiction over both defamation state law claims pursuant to 28 U.S.C § 1367(a) because those claims are substantially related to Plaintiff Sellas' federal claim. This Court has personal jurisdiction over Defendant because Defendant intentionally directed his unlawful activities to the Southern District of New York. Venue is proper in S.D.N.Y. pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**MINTZ**

October 6, 2021
Page 4



### III. Description of All Outstanding Motions and/or All Outstanding Requests to File Motions

As set forth above, Plaintiffs respectfully renew their Letter Motion to serve expedited discovery to identify and serve Defendant John Doe (Dkt. No. 4).

### IV. Description of Any Discovery That Has Taken Place and That Which Will Be Necessary For the Parties to Engage In Meaningful Settlement Negotiations

No discovery has occurred.

### V. A List of All Prior Settlement Discussions

No settlement discussions have occurred.

### VI. The Estimated Length of Trial

At this time, Plaintiffs estimate a three-day trial.

### VII. Any Other Information the Parties Believe May Assist This Court in Resolving the Action

None at this time.

### VIII. The Parties Should Advise the Court if They Can Do Without a Conference Altogether

Plaintiffs cannot unilaterally suggest a Conference is unnecessary altogether. However, as discussed above, Plaintiffs request the Court adjourn the Initial Pretrial Conference until the Defendant is identified and served.

### IX. Compliance with Rule 1(E) of the Court's Individual Rules of Practice for Requests for Adjournment

Plaintiffs hereby submit the following to comply with Rule 1(E):

1. This is Plaintiffs first request for an adjournment of a conference. The Initial Pretrial Conference is currently scheduled for October 15, 2021.

**MINTZ**

October 6, 2021
Page 5



2. A Scheduling Order is not yet in place. Therefore, adjournment will not impact any other scheduled dates.

3. At this time, an adversary has not been identified. Thus, consent is impossible.

4. Without the benefit of Defendant Doe's participation, Plaintiffs propose the following three Friday afternoons for the Initial Pretrial Conference: January 7, 2022; January 14, 2022; and January 21, 2022.

_____
Michael R. Graif
Member

*Attorney for Plaintiffs Sellas Life Sciences Group, Inc. and Dr. Angelos M. Stergiou*

The conference scheduled for October 15, 2021, is adjourned to January 14, 2022, at 3:15 p.m.

SO ORDERED.



SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
10/7/21