UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2022

Sellas Life Sciences Group, Inc., et al.,

                Plaintiffs,

      –v–

John Doe,

                Defendant.

21-cv-6014 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiffs filed this action against unknown Defendant John Doe for copyright infringement and defamation on July 13, 2021. Compl., Dkt. No. 1. Plaintiff on July 15, 2021, filed a motion to expedite discovery by serving a subpoena on third party Yahoo! Finance. Pls. Motion, Dkt. No. 4. As detailed in the complaint, Doe posted on the Yahoo! Finance online forum under the name of Plaintiff Angelos M. Stergiou, CEO of Plaintiff Sellas Life Sciences, and used Stergiou's professional headshot from Stergiou's LinkedIn profile and personal website. Compl. ¶¶ 61, 68; Pls. Motion at 8 ("Hello this is the CEO of Sellas. Yes, the real CEO. This is not a joke."). These posts asserted, among other allegedly inaccurate statements, that Stergiou has a "cocaine and rare white tiger addiction" and that he "loves[s] Drunk driving and pumping scam stocks." Pls. Motion at 8. Plaintiffs allege that these and other statements posted by Doe violated Stergiou's copyright on the headshot and have harmed both Plaintiffs' "business savvy, reputation, and goodwill." Compl. ¶ 115.

The Court on July 21, 2021, ordered Plaintiffs to show cause why the copyright-infringement claim should not be dismissed because the allegedly infringing conduct is fair use as a matter of law.  Dkt. No. 5.  Plaintiffs filed a response on August 6, 2021.  Dkt. No. 7.

Now before the Court is Plaintiffs response to the Court's show-cause order and Plaintiffs' motion to expedite discovery.

*First*, the Court concludes that Plaintiffs have made an adequate showing of its copyright-infringement claim such that the Court will not resolve the fair-use issue without first providing Doe an opportunity to file briefing in response.

*Second*, the Court considers Plaintiffs' motion to expedite discovery.  When a plaintiff requests expedited discovery under Federal Rule of Civil Procedure 26(f), the Court considers: "(1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 1:16-CV-02462 (AJN), 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (citing *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).  For substantially the reasons in Plaintiffs' motion, the Court concludes that these factors favor granting Plaintiffs' request to expedite discovery.  Pls. Motion at 4–9; *see also Malibu Media, LLC v. John Doe subscriber assigned IP address 24.188.8.255*, No. 18-cv-4680 (NRB), ECF No. 7 (S.D.N.Y. June 4, 2018) (granting a similar motion to issue a subpoena to identify an anonymous online defendant); *Elsevier, Inc. v. Does 1-10*, No. 14-cv-2422 (GHW), ECF No. 18 (S.D.N.Y. July 7, 2014) (same).

The Court GRANTS Plaintiffs' motion to expedite discovery by seeking leave to serve a third party subpoena prior to a Rule 26(f) conference to learn the identity of Defendant John Doe named in this action for copyright infringement and defamation. This resolves docket numbers 4 and 5.

The Court will hold an initial pretrial conference in this case on March 25, 2022 at 3:15 p.m. The parties and members of the public may access the conference at that time by dialing (888) 363-4749 and entering access code 9196964. The parties are ordered to submit via ECF a proposed case management plan and joint letter seven days prior to the conference.

SO ORDERED.

Dated: January 13, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge